UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **FACTOR2 MULTIMEDIA SYSTEMS, LLC**<br><br>      *Plaintiff,*<br>v.<br><br>**SNAP INC.**<br><br>      *Defendant.* | Civil Action No. 24-337<br><br>**JURY TRIAL DEMANDED** |

## SCHEDULING RECOMMENDATIONS

The parties recommend that the following deadlines be entered in the scheduling order to control the course of this case:

1. A report on alternative dispute resolution in compliance with Local Rule CV-88 shall be filed by January 31, 2025.

2. The parties asserting claims for relief shall submit a written offer of settlement to opposing parties by January 10, 2025, and each opposing party shall respond, in writing, by January 24, 2025.

3. The parties shall file all motions to amend or supplement pleadings or to join additional parties by December 15, 2024.

4. Fact discovery shall commence on, and Initial Disclosures per Rule 26(a) shall be served on or before December 2, 2024.

5.  Plaintiff shall serve preliminary infringement contentions by January 2, 2025. The preliminary infringement contentions shall:

    a.  identify each claim of each patent in suit that is allegedly infringed by the defendant, including for each claim the applicable statutory subsections of 35 U.S.C. § 271 asserted;

    b.  identify, separately for each asserted claim, each accused apparatus, product, device, process, method, act, or other instrumentality ("Accused Instrumentality") of each opposing party of which the party is aware. This identification shall be as specific as possible. Each product, device, and apparatus shall be identified by name or model number, if known. Each method or process shall be identified by name, if known, or by any product, device, or apparatus which, when used, allegedly results in the practice of the claimed method or process;

    c.  include a chart identifying where and how each limitation of each asserted claim is found within each Accused Instrumentality, including for each limitation that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function;

    d.  for each claim which is alleged to have been indirectly infringed, an identification of any direct infringement and a description of the acts of the alleged indirect infringer that contribute to or are inducing that direct infringement. Insofar as alleged direct infringement is based on joint acts of

        multiple parties, the role of each such party in the direct infringement must be described;

    e.    identify whether each limitation of each asserted claim is alleged to be literally present or present under the doctrine of equivalents in the Accused Instrumentality; and

    f.    identify the earliest priority date (i.e., the earliest date of invention) for each asserted claim.

6.    Plaintiff shall produce the following documents on January 2, 2025:

    a.    documents (e.g., contracts, purchase orders, invoices, advertisements, marketing materials, offer letters, beta site testing agreements, and third party or joint development agreements) sufficient to evidence each discussion with, disclosure to, or other manner of providing to a third party, or sale of or offer to sell, or any public use of, the claimed invention prior to the date of application for the patent in suit. A party's production of a document as required herein shall not constitute an admission that such document evidences or is prior art under 35 U.S.C. § 102;

    b.    all documents evidencing the conception, reduction to practice, design, and development of each claimed invention, which were created on or before the date of application for the patent in suit or the priority date identified pursuant to Paragraph 4.f., above, whichever is earlier;

    c.    a copy of the file history for each patent-in-suit;

    d.    all documents evidencing ownership of the patent rights by the party asserting patent infringement;

    e.    all agreements, including licenses, transferring an interest in any patent-in-suit;

    f.    all agreements that may be related to any asserted patent or may be comparable to a license that would result from a hypothetical reasonable royalty negotiation;

7.    Defendants shall serve preliminary invalidity contentions by March 13, 2025. The preliminary invalidity contentions shall:

    a.    identify each item of prior art that allegedly anticipates each asserted claim or renders it obvious. Each prior art patent shall be identified by its number, country of origin, and date of issue. Each prior art publication shall be identified by its title, date of publication, and where feasible, author and publisher. Each alleged sale or public use shall be identified by specifying the item offered for sale or publicly used or known, the date the offer or use took place or the information became known, and the identity of the person or entity which made the use or which made and received the offer, or the person or entity which made the information known or to whom it was made known;

    b.    identify whether each item of prior art anticipates each asserted claim or renders it obvious;

    c.    include a chart identifying specifically where and how in each alleged item of prior art each limitation of each asserted claim is found, including for each limitation that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in each item of prior art that performs the claimed function; and

    d.    identify any grounds of invalidity based on indefiniteness under 35 U.S.C. § 112(2) or enablement or written description under 35 U.S.C. § 112(1) of any of the asserted claims.

8. Defendant shall produce the following documents on March 13, 2025:

    a.    source code, specifications, schematics, flow charts, artwork, formulas, or other documentation sufficient to show the operation of any aspects or elements of an Accused Instrumentality identified by the patent claimant in its preliminary infringement contention charts;

    b.    a copy or sample of the prior art identified pursuant to Paragraph 6 above which does not appear in the file history of the patent(s) at issue. To the extent any such item is not in English, an English translation of the portion(s) relied upon shall be produced; and

    c.    all agreements that may be related to the accused instrumentality or may be comparable to a license that would result from a hypothetical reasonable royalty negotiation;

9. The following schedule shall apply to claim construction proceedings in this case:

a. On April 17, 2025 the parties shall concurrently exchange a list of claim terms for construction.

b. On May 1, 2025, the parties shall concurrently exchange proposed claim constructions.

c. On May 1, 2025, the parties shall disclose extrinsic evidence, including the identity of any witness they may rely upon with respect to claim construction or indefiniteness. With respect to any expert identified, the parties shall identify the scope of the topics for the witness's expected testimony. With respect to items of extrinsic evidence, the parties shall identify each such item by production number or produce a copy of any such item if not previously produced.

d. On or before May 15, 2025, the parties shall meet and confer to narrow terms in dispute and exchange a final revised list of terms/constructions on May 22, 2025.

e. On June 12, 2025, Defendant shall file its Opening Claim Construction Brief with supporting evidence, including any arguments that any claim terms are indefinite and any declaration of expert witnesses in support of its positions. The page limit for the Opening Claim Construction Brief shall be 30 pages, exclusive of the caption, signature block, any certificate, and exhibits.

f. On July 10, 2025, Plaintiff shall file its Responsive Claim Construction Brief with supporting evidence, including any responsive declaration of expert witnesses in support of its responsive positions. The page limit for the

|     | Responsive Claim Construction Brief shall be 40 pages, exclusive of the caption, signature block, any certificate, and exhibits. |
| --- | --- |
| g.  | On July 24, 2025, Defendant shall file its Reply Claim Construction Brief, including any responsive declarations of expert witnesses in support of their responsive positions. The page limit for the Reply Claim Construction Brief shall be 10 pages exclusive of the caption, signature block, any certificate, and exhibits. |
| h.  | The parties shall file a Joint Claim Construction Statement by August 8, 2025. The Joint Claim Construction Statement shall include: (1) the construction of those claim terms, phrases, or clauses on which the parties agree; (2) each party's proposed claim construction or indefiniteness position for each disputed claim term, phrase, or clause, together with an identification of all references from the specification or prosecution history that support that position, and an identification of any extrinsic evidence known to the party on which it intends to rely either to support its position or to oppose any other party's position, including, but not limited to, as permitted by law, dictionary definitions, citation to learned treatises and prior art, and any witnesses (including experts) required to be disclosed pursuant to Paragraph 9.c. above; (3) the anticipated length of time necessary for the *Markman* Hearing; (4) whether any party proposes to call one or more witnesses, including experts, at the *Markman* Hearing and the identity of such witness; and (5) a list of any other issues which might appropriately be |

        taken up at a prehearing conference prior to the *Markman* Hearing, and proposed dates, if not previously set, for any such prehearing conference.

    i.    The parties shall lodge any technical tutorial with the court by August 22, 2025.

10.    The *Markman* Hearing is set for October 3, 2025.

11.    The parties shall serve Final Infringement and Invalidity Contentions 4 weeks after the Court issues it *Markman* Order and shall hold their first conference to discuss significantly narrowing the number of asserted claims and prior art references at issue 6 weeks after the Court issues its *Markman* Order.

12.    The parties shall complete fact discovery 12 weeks after the Court issues its *Markman* Order.

13.    The party with the burden of proof shall serve opening expert reports (and all materials required by Federal Rule of Civil Procedure 26(a)(2)(B)) on or before 16 weeks after the Court issues its *Markman* Order. The parties shall exchange rebuttal expert reports (and all materials required by Federal Rule of Civil Procedure 26(a)(2)(B)) on or before 20 weeks after the Court issues its *Markman* Order.

14.    The parties shall complete all expert discovery on or before 24 weeks after the Court issues its *Markman* Order. Counsel may by agreement continue discovery beyond the deadline, but there will be no intervention by the Court except in extraordinary circumstances, and no trial setting will be vacated because of information obtained in post-deadline discovery.

15. An objection to the reliability of an expert's proposed testimony under Federal Rule of Evidence 702 shall be made by motion, specifically stating the basis for the objection and identifying the objectionable testimony. All dispositive motions and motions to strike expert testimony (including Daubert motions) shall be filed by 28 weeks after the Court issues its *Markman* Order. Responses thereto shall be filed by 32 weeks after the Court issues its *Markman* Order. Replies in support of such motions shall be filed by 34 weeks after the Court issues its *Markman* Order, but the Court need not wait for the reply before ruling on the motion. The number of motions for summary judgment (MSJs) or Daubert motions is not limited. However, for dispositive motions, the cumulative page limit for the movant shall be limited to 50 pages (regardless of the number of motions) for all briefing (opening and reply briefs), and the respondent shall be limited to 50 pages total for responding to all motions. Similarly, for Daubert motions, the cumulative page limit for the movant shall be limited to 40 pages (regardless of the number of motions) for all briefing (opening and reply briefs), and the respondent shall be limited to 40 pages total for responding to all motions. Replies for any motion will be limited to five pages total per Reply.[1]

16. The hearing on dispositive motions will be set by the Court after all responses and replies have be filed.

17. The trial date will be determined at a later date by the Court. The parties shall consult Local Rule CV-16(e)-(g) regarding matters to be filed in advance of trial. At the time the trial date is set, the Court will also set the deadline for the filing of matters in advance of trial.

---

[1] Page limitations are exclusive of the caption, signature block, any certificate, and exhibits.

18. All of the parties who have appeared in the action conferred concerning the contents of the proposed scheduling order on November 14, 2024, and the parties have (*agreed*) as to its contents. .